21-642 Armando Arce Sr. v. David L. Trumbull et al. Chautauqua County Mr. Arce, you have five minutes, and I understand you're not reserving any time for rebuttal because you're the only one here. Yes, Your Honor. Good morning. Good morning. Your Honor, may it please the Court, my name is Armando Arce. I am the petitioner in this case. I want to draw Your Honor's attention to Section 439 of the Family Court Appendix, page 2.8. Support magistrates shall not be empowered to hear heuristics of custody, visitation, including visitation as a defense, of which shall be referred to a judge. Take your time, Mr. Arce. It's fine. Your Honors, I lost my son when officers of an inferior court usurp authority not vested to them by acts of Congress. I respectfully request that this Court review this case de novo and remand the district court's decision for the following reasons. The defendants not only ignored the express statutory limitation of their authority, they created a separate policy to circumvent Section 439 altogether. And their policy can be found at Appendix page 2.7. In articulating judicial immunity, the Supreme Court made a promise in the form of rules that two-pronged tests expressed in strong, first, stump. Judges are protected by the doctrine of judicial immunity only when they are engaged in acts of adjudication and have jurisdiction over that subject matter. Just like in Butts and Economo, a support magistrate is an executive branch officer performing an adjudicated function. Without notifying me, my ex-wife moved my son to an undisclosed location in another state. Mr. Arce, we understand what your basic gripe, what your basic problem is. You must understand that this Court can only step in if certain things are there. And your argument is that the lower courts that made their decision didn't have jurisdiction. Your basic problem is moving. But we can't deal with it unless we are convinced that the lower courts did not have jurisdiction. And that's a much harder problem which we have to wrestle with. Yes, Your Honor. The initial matter, yes, the Court has jurisdiction over the case. The defendants agree, everybody agrees. The Court had jurisdiction over the matter. All right. What the Court didn't have jurisdiction over, and this is where I'm getting to, is after learning the case history, the lower court silenced my pleadings, changed the title of my case, and then silenced my pleadings. None of them were included. And, in fact, the defendants have also stated in all their briefs, in the briefs, that RC has not provided any statements, any facts, any documents in support of litigation or liability or showing liability for the state or for the county and the state defendants. That's not true. I have about 19 different documents that were filed with the courts, that were filed, that are available to the judge. To say that I did not have any information or I did not provide them with any information is not true. That is a form of censor. It's telling me that the judge said that all the stuff that I gave him does not exist. It does. And that's what I kind of went over that in my appeal brief. But, like I said, the defendants agree, as a result of the district court judge censoring my pleadings, there were no longer any facts, documents, or statements in support of my complaint. So what I'm getting to is the district court chose not to follow. Okay. So, Mr. Arce, the red light is on. You've used up your time. Is there any one last thing you'd like to tell us before we reserve decision? Yes, Your Honors. The district court changed the title of my case. You guys know this. And silenced my pleadings. It's not that, okay, it would be something different if I, you know, said that these support magistrates had jurisdiction over the matter. But I didn't. What I pled was that they did not have subject matter jurisdiction over the matter. All this was expressed to Judge Villardo in many, many, many pages of briefs. And so, Mr. Arce, I wanted to let you know we do have your brief. We have all the arguments in writing, as we do from all the parties. And thank you for coming down here today. And the court will reserve decision, as we did with all the cases that we have today. And we will, at a later time, issue a written decision. So, again, thank you very much, sir. We do want to thank all of the parties, the lawyers, for coming to court today. We want to thank our courtroom deputy and all the court staff for keeping the court functioning during these trying times. So, with that, we will adjourn. The court stands adjourned. The court is adjourned. The court is adjourned. The court is adjourned.